**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4242**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

KENYATTA GREEN,

    Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:08-cr-00825-PMD-1)

─────────────

Submitted: February 15, 2011   Decided: March 7, 2011

─────────────

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyatta Green appeals his 100-month sentence following his conditional guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Green argues that (1) the district court erred in denying his motion to suppress a gun and ammunition seized by police officers because they did not have reasonable articulable suspicion that he was engaged in criminal activity; and (2) the district court clearly erred during sentencing when it applied the second-degree attempted murder cross-reference. Finding no reversible error, we affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Perry, 560 F.3d 246, 251 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). When evaluating the denial of a suppression motion, we construe evidence in the light most favorable to the government as the prevailing party below. United States v. Black, 525 F.3d 359, 364 (4th Cir.), cert. denied, 129 S. Ct. 182 (2008).

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts that criminal activity is afoot. United States v. Arvizu, 534 U.S. 266, 273 (2002); United States v. Sokolow, 490 U.S. 1, 7 (1989);

2

<u>Terry v. Ohio</u>, 392 U.S. 1, 22 (1968). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. <u>Sokolow</u>, 490 U.S. at 8; <u>Black</u>, 525 F.3d at 364-65. The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience and training. <u>United States v. Foreman</u>, 369 F.3d 776, 782 (4th Cir. 2004). Our review of the record leads us to conclude that the district court correctly found that reasonable suspicion justified the stop of Green.[*] The district court thus properly denied Green's motion to suppress.

We also affirm Green's sentence. We review a district court's findings of fact at sentencing for clear error. <u>United States v. Carter</u>, 300 F.3d 415, 427 (4th Cir. 2002). Given the testimony presented at Green's sentencing hearing, we find no clear error in the district court's finding that a preponderance of the evidence suggested that Green intended to kill and its subsequent decision to calculate Green's total offense level

---

[*] We also note that the firearm in question was not subject to suppression as it was abandoned prior to Green's seizure and was thus not the fruit of the seizure. <u>See</u> <u>California v. Hodari D.</u>, 499 U.S. 621, 626 (1991); <u>United States v. Stevenson</u>, 396 F.3d 538, 546 (4th Cir. 2005).

using the second-degree attempted murder cross-reference. <u>See</u> 18 U.S.C. § 1111 (2006); <u>U.S. Sentencing Guidelines Manual</u> §§ 2A2.1(a)(2), 2X1.1 (2009).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>